942 F.2d 1327
 Roger D. MOSBY, Appellant,
v.
Frank J. GAMBLE, III, Attorney for Inmates, Arkansas
Department of Correction; Ed Phillips, Attorney
for Inmates, Arkansas Department of
Correction, Appellees.
 No. 91-1351.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Aug. 26, 1991.
Decided Sept. 9, 1991.
 
 Appeal from the United States District Court for the Eastern District of Arkansas; Stephen M. Reasoner, Chief Judge.
 Roger D. Mosby, pro se.
 Brad Newman, Asst. Atty. Gen., Little Rock, Ark., for appellees.
 Before McMILLIAN, FAGG and MAGILL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Roger D. Mosby, an inmate at the Arkansas Department of Correction (ADC), brought this civil rights action against two attorneys employed by ADC to assist inmates, asserting the attorneys failed to forward certain legal papers for him and later refused to return the papers. The district court granted summary judgment in favor of the attorneys, and Mosby appeals. Having reviewed the record, we conclude the district court properly granted summary judgment in the attorneys' favor. See Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57, 106 S.Ct. 2505, 2514-15, 91 L.Ed.2d 202 (1986) (party opposing motion for summary judgment must present affirmative evidence to defeat a properly supported motion); Green v. St. Louis Housing Auth., 911 F.2d 65, 68 (8th Cir.1990) (same). Mosby's other arguments are without merit.
 
 
 2
 Accordingly, we affirm. See 8th Cir. R. 47B.
 
 
 3
 McMILLIAN, Circuit Judge dissenting.
 
 
 4
 Mosby's complaint was decided on the basis of evidence produced during a summary judgment hearing on a related case involving mailing of the papers at issue, Mosby v. James, No. PB-C-90-291. The evidence did not dispose of Mosby's claim that the attorneys failed to return his legal papers and that he was thereby prejudiced in his pursuit of postconviction relief. Because he was not afforded sufficient opportunity to respond to the affidavits supporting the attorneys' summary judgment motion, I would remand for the limited purpose of allowing him to do so even though it would undoubtedly be difficult for Mosby to establish a genuine factual dispute.